IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Sep 04 2018
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:18-CV-91 (Bailey) |
| ) | |
| v. ) | |
| ) | |
| MERL N. WARNER AND CAROLYN JUNE ) | |
| WIMER; AN EASEMENT TO CONSTRUCT, ) | |
| OPERATE AND MAINTAIN CATHODIC ) | |
| PROTECTION FOR A NATURAL GAS ) | |
| TRANSMISSION LINE ACROSS 1.28 ) | |
| ACRES OF PROPERTY IN PENDLETON ) | |
| COUNTY, WEST VIRGINIA, (PARCEL ID ) | |
| NO. 7-23-8) and UNKNOWN PERSONS AND ) | |
| INTERESTED PARTIES ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT

Plaintiff Columbia Gas Transmission, LLC ("Columbia") files this Complaint against Defendants Merl N. Warner and Carolyn June Wimer (the "Landowners") for a declaratory judgment to enforce an April 14, 1958 pipeline easement agreement, which was recorded in Pendleton County, and for injunctive relief compelling the Landowners to permit Columbia access to the property subject to the easement. In the alternative, if this Court determines Columbia does not have the rights it seeks under the existing easement agreement between Columbia and the Landowners, Columbia files this Complaint to condemn property interests necessary for the construction, operation, and maintenance of a ground bed and related facilities for the cathodic protection system for Columbia's WB-3 pipeline pursuant to its power of eminent domain as authorized by the Natural Gas Act, 15 U.S.C. §§ 717-717z and Federal Rule

of Civil Procedure 71.1. Columbia seeks (i) the taking of certain interests in real property; (ii) immediate entry and possession of the real property; and (iii) for the ascertainment and award of just compensation and damages to the Landowners, and any other interested parties. In support of its Complaint, Columbia states:

## THE PARTIES

1. Columbia is a Delaware limited liability company, which has as its sole member Columbia Pipeline Group Operating Company LP ("OpCo"), a Delaware LP, with its principal place of business in Texas. OpCo has one general partner and three limited partners. All of OpCo's limited partners, its general partner and all entities related to OpCo's General Partner and Limited Partners are citizens of Delaware and Texas for diversity purposes. Columbia is engaged in the natural gas industry and constructs, owns, operates, and maintains interstate pipelines, storage fields, and related facilities for the transmission of natural gas and its by-products.

2. Upon information and belief, Defendants Merl N. Warner and Carolyn June Wimer are citizens and residents of West Virginia.

3. Upon information and belief, Merl N. Warner and Carolyn June Wimer are the owners of property in Pendleton County, West Virginia, more particularly described in the deed attached as **Exhibit 1** (the "Property").

## VENUE AND JURISDICTION

4. Because this case involves claims whose value exceed the sum of $75,000.00, exclusive of interests and costs, and because the case arises between citizens of different states, it is within the original subject matter jurisdiction of this Court, pursuant to 28 U.S.C. § 1332(a).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property at issue is located in Pendleton County and the conduct giving rise to the causes of action alleged occurred in Pendleton County, which is within the Northern District of West Virginia.

6.  Alternatively, this Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) and federal question jurisdiction, 28 U.S.C. § 1331.

7.  The Landowners contend, or are expected to contend, that the value of the property interests condemned on their properties exceeds $3,000.

8.  Venue for Columbia's condemnation of easements on the Property is proper pursuant to 28 U.S.C. § 1391(b) because the properties to be condemned are located within the Northern District of West Virginia.

**FACTUAL BACKGROUND**

9.  On April 14, 1958, Columbia's predecessor-in-interest, Atlantic Seaboard Corporation, entered into a pipeline easement agreement with Harley and Caddie Bennett, the predecessors-in-interest to the Landowners, concerning the Property.  The pipeline easement agreement was recorded in Pendleton Country, West Virginia at Book 79, page 386, and is attached as **Exhibit 2** (the "Easement Agreement").

10. The Easement Agreement granted Atlantic Seaboard Corporation, its successors and assigns "the right to lay, maintain, operate and remove a pipe line for the transportation of gas, and appurtenances necessary to operate said pipe line…"  *See* **Exhibit 2**.

11. The Easement Agreement contemplates future damages relating to the Property resulting from the continued operation of the pipeline, and requires the easement holder to "pay

3

for any damages that may arise from the maintenance, operation and removal of said lines." *See id.*

12. On June 30, 1971, Atlantic Seaboard Corporation conveyed all of its right, title and interest in the Property to Plaintiff Columbia Gas Transmission.

13. Since that time, Columbia has used the easement acquired from Atlantic Seaboard Corporation to operate the WB-3 pipeline, a 20 inch pipeline.

14. Defendants Merl N. Warner and Carolyn June Wimer acquired the Property, subject to Columbia's existing easement, by general warranty deed on November 29, 1980.

15. Cathodic protection, a technique used to control corrosion of the pipe, is vital to the continued safe operation of the WB-3 pipeline.

16. Cathodic protection prevents corrosion by converting all of the anodic or "active" sites on the pipeline metal surface to cathodic or "passive" sites by supplying electrical current (or free electrons) from an alternate source.

17. The cathodic protection system requires a "ground bed" to serve as that alternate source - an array of electrodes, installed in the ground to provide a low resistance electrical path from the pipeline to the alternate source.

18. The ground bed for the portion of the WB-3 pipeline on the Property was previously located in a nearby abandoned pipeline.

19. The abandoned pipeline was removed as part of construction on a separate FERC-authorized project, and therefore a replacement ground bed is required in the area.

20. Due to technical restrictions, like access to commercial power and proximity to the pipeline, along with safety restrictions pursuant to 49 CFR 192.473 and 49 CFR 192.465, Columbia has determined the only suitable location for a replacement ground bed to provide

cathodic protection to this portion of the WB-3 pipeline is a 1.28 acre portion of the Property of Merl N. Warner and Carolyn June Wimer.

21.    Columbia has contacted Merl N. Warner and Carolyn June Wimer regarding the necessary installation of cathodic protection appurtenances on the Property.

22.    Despite Columbia's belief that it has the right to install the necessary cathodic protection appurtenances under the existing agreement between the parties, in an effort to avoid litigation, Columbia offered the Landowners payment to acquire the property interests necessary to construct the ground bed and related facilities   Columbia offered well in excess of its estimate of damages in an effort to secure access to the Property to begin the installation.

23.    To date, the Landowners have refused Columbia's offers and have denied Columbia further access to the property in order to survey and commence installation of cathodic protection appurtenances necessary for the continued safe operation of Line WB-3.

24.    The Landowners' actions are undermining and delaying Columbia's efforts to maintain the continued safe operation of Line WB-3.

25.    The Landowners' actions are depriving Columbia of their express rights under the Easement Agreement.

26.    In the event that this Court finds Columbia does not have the necessary rights under the existing easement agreement between Columbia and the Landowners, pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and a blanket certificate from FERC (the "FERC Certificate"), attached as **Exhibit 3**, Columbia has the right to acquire the property interests described below, necessary to install a ground bed and related cathodic protection facilities for the continued safe operation of the WB-3 pipeline.

## COUNT ONE: DECLARATORY JUDGMENT

27. Paragraphs 1-26 are incorporated by reference.

28. An actual controversy exists between Columbia and the Landowners regarding Columbia's right of access to the Property and Columbia's right to install cathodic protection appurtenances for the continued safe operation of Line WB-3 on the Property.

29. This Court is authorized, under 28 U.S.C. § 2201, *et seq.*, to declare the rights and obligations of the parties to this action.

30. Under the Easement Agreement, Columbia is entitled to "lay, maintain, operate and remove … appurtenances necessary to operate" the pipe line on the Property. *See* Exhibit 2.

31. Accordingly, Columbia is entitled to access the Property to complete installation of a ground bed and other appurtenances necessary for the cathodic protection, and continued safe operation, of Line WB-3.

32. By refusing to allow Columbia and its surveyors on the Property, the Landowners have disputed and interfered with Columbia's express property and contractual rights.

33. Columbia is entitled to a declaration of its rights under the Easement Agreement.

WHEREFORE, Columbia requests a declaration that, pursuant to the Easement Agreement, it has the right to access to the Property for preparations for and the installation of a ground bed and other appurtenances necessary for the cathodic protection, and continued safe operation, of Columbia's Line WB-3 pipeline.

## COUNT TWO: INJUNCTIVE RELIEF

34. Paragraphs 1-33 are incorporated by reference.

35. The Landowners' conduct prohibiting Columbia from entering the Property is an unlawful and unreasonable interference with Columbia's rights under the Easement Agreement.

36. The Landowners' refusal to allow Columbia to enter the Property to survey and install a ground bed and other appurtenances necessary for the cathodic protection, and continued safe operation, of Line WB-3 on the Property will cause irreparable harm because Columbia will be unable to install a cathodic protection system necessary to prevent corrosion and maintain the safe operation of Line WB-3.

37. Allowing Columbia access to the Property is in the public interest because the safe operation of pipelines, including the WB-3 pipeline, is in the public interest.

38. The Landowners have refused to allow Columbia to access the Property in violation of its express rights under the Easement Agreement. Unless enjoined, the Landowners will continue to refuse Columbia its rightful access to the Property.

39. The Landowners will not be harmed by having the Easement Agreement, a valid and enforceable contract of which they were on notice at the time they acquired the Property and to which they are bound, enforced. The Landowners will not be harmed by Columbia installing a ground bed and related appurtenances necessary for the cathodic protection of Line WB-3 because they will be paid damages, if any, resulting from the installation pursuant to the terms of the Easement Agreement to which the Property was subject when they purchased it.

40. Columbia has no adequate remedy at law to prevent the irreparable and continuing harm caused by the Landowners' unreasonable interference.

WHEREFORE, Columbia requests preliminary and permanent injunctive relief: (1) preventing the Landowners from interfering with or otherwise engaging in conduct that prevents Columbia from accessing the Property to install a ground bed and related appurtenances for the cathodic protection, and continued safe operation, of Line WB-3; and (2) enjoining the Landowners in the future from interfering with Columbia's right to access the Property under

Easement Agreement; Columbia further requests judgment to be entered in its favor and against the Defendants' or Landowners' cost.

## COUNT THREE (IN THE ALTERNATIVE): CONDEMNATION

### THE EASEMENTS TO BE TAKEN

41. Paragraphs 1-40 are incorporated by reference.

42. Should this Court find that Columbia is not entitled to the declaratory and injunctive relief sought at Counts One and Two, above, Columbia is entitled, in the alternative, to condemn the necessary property interests to install a ground bed and related cathodic protection facilities for the continued safe operation of the WB-3 pipeline.

43. In the alternative to the relief sought above, Columbia condemns easements including permanent easements of 1.28 acres (the "Easements") on and across the Property located in Pendleton County, West Virginia.

44. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and the FERC Certificate, Columbia has the right to acquire the necessary property interests to install a ground bed and related cathodic protection facilities for the continued safe operation of the WB-3 pipeline.  *See* **Exhibit 3**.

45. A blanket certificate is issued by FERC pursuant to section 7(c) of the Natural Gas Act.  *See* 15 U.S.C. § 717f(h).  According to 18 C.F.R. § 157.201(a), a blanket certificate authorizes the holder to conduct certain activities, including construction, operation, and abandonment of pipelines and related facilities.

46. Companies in possession of a blanket certificate can condemn under the blanket certificate.  *See, e.g., Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300 (3d Cir.

2014) (holding that Columbia could condemn under a blanket certificate issued to Columbia in 1983).

47. The regulations regarding blanket certificates issued by FERC provide for the condemnation of pipelines and facilities. *See* 18 C.F.R. § 157.203(a) ("A blanket certificate issued pursuant to this subpart authorizes the certificate holder, in accordance with the provisions of this subpart, to engage in any of the activities specified in § 157.208 through § 157.218); *see* 18 C.F.R. § 157.208 (governing "construction, acquisition, operation, replacement, and miscellaneous rearrangement of facilities" under blanket certificates).

48. Under 18 CFR § 157.208, activities related to "construction, acquisition, operation replacement … of facilities" are automatically authorized without further FERC approval.

49. The Easements on the Property are depicted in detail on the drawing attached as **Exhibit 4**. The drawing show the proposed location of the ground bed and related cathodic protection facilities in relation to the Property, and the extent of the Easements taken on the Property.

50. The Easement includes the right to lay, construct, inspect, maintain, operate, repair, replace, remove or abandon in place the ground bed and related cathodic protection facilities for the continued safe operation of the WB-3 pipeline, as well as temporary access roads and temporary workspace easements used during the construction of the ground bed and related cathodic protection facilities, as are appropriate and described more fully in **Exhibit 4**.

51. The ground bed and related cathodic protection facilities, except for a necessary rectifier and test stations, to the extent reasonably required, shall be buried to a sufficient depth so as not to interfere with the cultivation of the land, if any. After construction is complete, the

Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct Columbia's rights described in this Complaint. Without first obtaining written approval from Columbia, and consistent with Columbia's Minimum Guidelines and Right-of-Way Use Specifications, which are fully incorporated by reference, the Landowners shall not: (a) change the depth of cover over the Easements; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including trees, on or over Easements; and/or (c) store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the cathodic protection system, nor permit the Easements to be covered by standing water, except in the course of normal seasonal irrigation.

## THE PROPERTY OWNERS

52.   Upon information and belief, and after a reasonably diligent search of public records, the individuals claiming an interest in the Easements being condemned are Merl N. Warner and Carolyn June Wimer.

## OTHERS WHO MAY CLAIM AN INTEREST

53.   There may be other persons who claim an interest in the property interests being condemned whose names are unknown to Columbia because they could not be learned by diligent inquiry.  These persons have been made parties to this action as permitted by Rule 71.1 of the Federal Rules of Civil Procedure.

WHEREFORE, Columbia requests that, if this Court does not grant the relief sought in Counts One and Two, above, this Court:

a.   Enter an Order granting Columbia the temporary and permanent easements described above;

  b. Grant Columbia immediate access and entry on the above described easements prior to the determination of just compensation upon the posting of an appropriate bond;

  c. Determine and award just compensation to the Landowners for the taking of the temporary and permanent easements; and

  d. Grant such other relief as may be just and proper.


September 4, 2018         REED SMITH LLP


               */s/ Nicolle R. Snyder Bagnell*
               Nicolle R. Snyder Bagnell
               W.V. I.D. No. 11081

               Reed Smith Centre
               225 Fifth Avenue
               Pittsburgh, PA 15222
               (412) 288-3131
               nbagnell@reedsmith.com


               *Counsel for Columbia Gas Transmission, LLC*